JWB

1

WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Armando Antonio Marroquin,           )   No. CV 13-1761-PHX-DGC (LOA)
                                          )
10                    Plaintiff,          )   **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    Jim McDonald, et al.,                 )
13                                        )
                      Defendants.         )
14                                        )
                                          )
15  _____     )

16          Plaintiff Armando Antonio Marroquin, who is currently confined in the La Palma

17  Correctional Center in Eloy, Arizona, filed this *pro se* civil rights action pursuant to 42

18  U.S.C. § 1983.  Plaintiff presents claims stemming from his LPCC incarceration as well as

19  his prior incarceration at the Florence Correctional Center in Florence, Arizona (Doc. 1).

20  Defendants Ward and Hudson—FCC employees—move to dismiss the claims against them

21  on the ground that they are barred by the statute of limitations (Doc. 13).

22          The Court will grant the motion.

23  **I.     Background**

24          In Counts Two and Three of his Complaint, Plaintiff alleged that in January 2009,

25  Ward and Hudson told inmates working in the prison kitchen that Plaintiff had filed a

26  grievance against the other inmates.  Plaintiff alleged that Defendants' actions were taken in

27  retaliation for a grievance Plaintiff filed against Ward.  Defendants actions led to multiple

28

1  threats against Plaintiff and ended in an assault on Plaintiff by several inmates on July 9,

2  2009, which caused Plaintiff serious injury.

3  Plaintiff filed suit against Ward and Hudson in March 2010, presenting deliberate

4  indifference and retaliation claims (10-CV-0596-PHX-DGC (LOA)).  Those claims were

5  dismissed in October 2010 for failure to exhaust administrative remedies (Doc. 31, 10-CV-

6  0596-PHX-DGC (LOA)).   Plaintiff filed this action again presenting his deliberate

7  indifference and retaliation claims on August 27, 2013.[1]

8  **II.   Motion to Dismiss**

9  **A.   Statute of Limitations**

10  When the statute of limitations forms the basis of a motion to dismiss for failure to

11  state a claim, the motion can be granted "if the assertions of the complaint, read with the

12  required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon*

13  *v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see also TwoRivers v. Lewis*, 174

14  F.3d 987, 991 (9th Cir. 1999).  Although courts will not normally look beyond the pleadings

15  in resolving a Rule 12(b)(6) motion, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th

16  Cir.2001), a "court may consider material that the plaintiff properly submitted as part of the

17  complaint or, even if not physically attached to the complaint, material that is not contended

18  to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." Id.  The

19  court may consider matters of public record, including pleadings, orders, and other papers

20  filed with the court.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th

21  Cir.1986) (*abrogated on other grounds* by *Astoria Federal Savings and Loan Ass'n v.*

22  *Solimino*, 501 U.S. 104 (1991)).

23

24

_____

25  [1] Upon screening pursuant to 28 U.S.C. § 1915A(a), the Court dismissed Counts One,

26  Five, Six, Eight, Nine, Ten, and Eleven; the portion of Count Two relating to grievances and
access to the courts; and the portions of Count Seven not related to copying documents.  The

27  Court also dismissed Defendants McDonald, Partain, Minnieweather, Williams, Wilson, and

28  Vasquez.

1    Section 1983 of Title 42 of the U.S.C. does not include its own statute of limitations.

2    *TwoRivers*, 174 F.3d at 991. Therefore, federal courts apply the statute of limitations

3    governing personal injury claims in the forum state. *Wilson v. Garcia*, 471 U.S. 261, 280

4    (1985); *TwoRivers*, 174 F.3d at 991.  In Arizona, the limitations period for personal injury

5    claims is two years.  *TwoRivers*, 174 F.3d at 991; *see also* Ariz. Rev. Stat. § 12-542

6    (providing that actions for personal injury must be commenced within two years after the

7    cause of action accrues).

8    Although the statute of limitations applicable to § 1983 claims is borrowed from state

9    law, federal law continues to govern when a § 1983 claim accrues.  *Wallace v. Kato*, 549

10   U.S. 384, 388 (2007); *TwoRivers*, 174 F.3d at 991. Under federal law, a claim accrues "when

11   the plaintiff knows or has reason to know of the injury which is the basis of the action."

12   *TwoRivers*, 174 F.3d at 991; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

13   **B.    Analysis**

14   Here, Plaintiff alleges that Defendants intentionally placed him at risk in January

15   2009, which resulted in a serious assault on July 9, 2009.  These allegations also make clear

16   that Plaintiff was contemporaneously aware of Defendants' actions and their consequences.

17   *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir. 1998) (Section 1983 claim

18   accrues when the plaintiff knows or has reason to know of the injury which is the basis of his

19   action).  As a result, absent tolling, the limitations period expired no later than July 9, 2011,

20   which was over two years before Plaintiff filed his initial Complaint in this action on August

21   27, 2013 (Doc. 1).

22   Plaintiff appears to argue that his prior attempts at litigation should toll the statute of

23   limitations.  He explains that in addition to his 2010 civil action in this Court, he filed suit

24   in the Northern District of California upon the advice of a law library clerk and other

25   inmates.  Plaintiff also alleges that he appealed the Court's dismissal of the 2010 civil action,

26   which took a year to adjudicate.  But Plaintiff's prior litigation does not present a legally

27   cognizable basis for tolling. *Barber v. Nelson*, 2009 WL 449250, at *4 (Ariz. Ct. App. Feb.

28

24, 2009).   Nor does Plaintiff's bare assertion that he was unaware of the statute of limitations.

The Court recognizes, however, that "the applicable statute of limitations must be tolled while a prisoner *completes* the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (emphasis added).   But as identified in the 2010 civil action, the entire prison grievance process at FCC takes no more than 90 days to complete (10-CV-0596-PHX-DGC (LOA), Doc. 17, Ex. 1, Partain Aff. ¶¶ 14-26).   Therefore, even excluding the maximum time—or triple the maximum—for completing the grievance process, such tolling does not alter the conclusion that the statute expired nearly two years before Plaintiff filed this action.   Therefore, the claims against Ward and Hudson are time-barred and must be dismissed.

**IT IS ORDERED:**

(1)     The reference to the Magistrate Judge is withdrawn as to Defendants' Motion to Dismiss (Doc. 13).

(2)     Defendants' Motion to Dismiss (Doc. 13) is **granted**; Counts Two and Three against Ward and Hudson are **dismissed** as time-barred.   Ward and Hudson are dismissed from this action.

(3)     The remaining claims are Count Four against Wilkinson and Count Seven against Fernundez-Carr and Prince.

DATED this 19th day of June, 2014.

David G. Campbell
United States District Judge